**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SHIRL KEAHEY, | Case No.: 3:21-cv-00390-MMD -WGC |
| Plaintiff | **Report & Recommendation of United States Magistrate Judge** |
| v. | Re: ECF Nos. 1, 1-1 |
| ZAKE THEW, et. al., | |
| Defendants | |

This Report and Recommendation is made to the Honorable Miranda M. Du, Chief United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Plaintiff has filed an application to proceed in forma pauperis (IFP) (ECF No. 1) and pro se complaint (ECF No. 1-1).

## I. IFP APPLICATION

A person may be granted permission to proceed IFP if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915 applies to all actions filed IFP, not just prisoner actions).

In addition, the Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed

[IFP]. The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

"[T]he supporting affidavits [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quotation marks and citation omitted). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

A review of the application to proceed IFP reveals Plaintiff cannot pay the filing fee; therefore, the application should be granted.

## II. SCREENING

**A. Standard**

"[T]he court shall dismiss the case at any time if the court determines that-- (A) the allegation of poverty is untrue; or (B) the action or appeal-- (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) tracks that language. As such, when reviewing the adequacy of a complaint under this statute, the court applies the same standard as is applied under Rule 12(b)(6). *See e.g. Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) ("The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**B. Plaintiff's Complaint**

Plaintiff's complaint names as defendants Reno Police Lieutenant Zake Thew, Reno Police Officer Chris Waddle, Reno Police Chief Soto, and Reno Police Officer More.

Plaintiff alleges that Lieutenant Thew did not investigate a report about an attack on December 30, 2016 (the report was apparently made on January 5, 2017). In her request for relief, she states that she wants him to get that person and then she wants his 401k, his pension and for him to go to Fort Leavenworth. Plaintiff then states that she left messages for Chief Soto

for six years and never heard from him. She asserts that Officer Chris Waddle helped CPS kidnap her two grandsons, and states she is suing for alienation of affection.

Plaintiff's claim against Thew is based only a failure to investigate a report, which does not rise to the level of a constitutional violation. *See Gomez v. Whitney*, 757 F.2d 1005, 1006 (9th Cir. 1985) (per curim) ("we can find no instance where the courts have recognized inadequate investigation as sufficient to state a civil rights claim unless there was another recognized constitutional right involved."). Plaintiff does not identify another recognized constitutional right. Therefore, the claim against Thew should be dismissed.

With respect to Chief Soto, Plaintiff only alleges that he has not returned her calls; however, this also does not rise to the level of a constitutional violation.

Plaintiff includes no allegations with respect to Officer More; therefore, Officer More should be dismissed.

Finally, as to Officer Waddle, Plaintiff states that he helped CPS kidnap her two grandsons and sues for alienation of affection.

In case 3:21-cv-00391-RCJ-CLB, plaintiff sued CPS and multiple CPS employees regarding a visitation dispute with Plaintiff and her grandchildren, and she also alleged alienation of affection in that case. Judge Baldwin noted that Nevada had abolished claims for alienation of affection by statute, so that cannot be a foundation for relief. (*See* ECF No. 4 at 4 in 3:21-cv-00391-RCJ-CLB.) Judge Baldwin further pointed out that federal courts do not have jurisdiction to resolve domestic relations disputes involving child custody. (*Id.*, citing *Ankenbrant v. Richards*, 504 U.S. 689, 703 (1992); *Pearson v. Babbit*, 708 F.2d 465, 466 (9th Cir. 1983)). Therefore, this claim should also be dismissed.

4

In case 3:21-cv-00391-RCJ-CLB, the court determined that the action should be dismissed with prejudice because amendment would be futile. The court likewise recommends dismissal of this action with prejudice. Plaintiff has filed several civil rights actions that are nonsensical and incomplete, and this one is no different. *See* 3:21-cv-00391-RCJ-CLB, 3:21-cv-00396-MMD-WGC.

### III. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order:

(1) **GRANTING** Plaintiff's IFP application (ECF No. 1). Plaintiff is permitted to maintain this action without prepaying the filing fee or giving security therefor. This order granting IFP status does not extend to the issuance of subpoenas at government expense.

(2) The complaint (ECF No. 1-1) should be **FILED**.

(3) The action should be **DISMISSED WITH PREJUDICE** for failing to state a claim upon which relief may be granted.

The Plaintiff should be aware of the following:

1. That she may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

     2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: January 4, 2022

                                              _William G. Cobb_
                                              William G. Cobb
                                              United States Magistrate Judge