UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| SHIRL KEAHEY, | Case No. 3:21-cv-00390-MMD-WGC |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| ZAKE THEW, *et al.*, | |
| Defendants. | |

*Pro se* Plaintiff Shirl Keahey brings this action under 42 U.S.C. § 1983. Before the Court is the Report and Recommendation ("R&R" or "Recommendation") of United States Magistrate Judge William G. Cobb (ECF No. 5), recommending the Court grant Keahey's application to proceed *in forma pauperis* ("IFP Application") but dismiss Keahey's proposed Complaint with prejudice. Keahey had until January 18, 2022, to file an objection. To date, no objection to the R&R has been filed. For this reason, and as explained below, the Court adopts the R&R, and will grant the IFP Application and dismiss the case with prejudice.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party fails to object to a magistrate judge's recommendation, the Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations.") (emphasis in original); Fed. R. Civ. P. 72, Advisory Committee Notes (1983) (providing that the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

Because there is no objection, the Court need not conduct de novo review, and is satisfied Judge Cobb did not clearly err. Here, Judge Cobb first recommends granting the IFP Application because Keahey cannot pay the filing fee. (ECF No. 5 at 2.) Judge Cobb next recommends dismissing the proposed claim against Officer Thew because it is based only on the alleged failure to investigate a report, which does not rise to the level of a constitutional violation. (*Id.* at 4.) Judge Cobb similarly recommends dismissing the proposed claim against Chief Soto because Keahey only alleged that he has not returned Keahey's calls. (*Id.*) Judge Cobb recommends dismissing Officer Moore because there are no allegations against him in the proposed Complaint. (*Id.*) Judge Cobb recommends dismissing the proposed claim against Officer Waddle because Keahey already brought the same claim in a different case, and the claim was found non-cognizable. (*Id.*) Judge Cobb finally recommends dismissing this case with prejudice because Keahey does not state a claim, and this is the third similar case Keahey has filed—the others were also dismissed with prejudice. (*Id.* at 5.) The Court agrees with Judge Cobb. Having reviewed the R&R and the record in this case, the Court will adopt the R&R in full.

It is therefore ordered that Judge Cobb's Report and Recommendation (ECF No. 5) is accepted and adopted in full.

It is further ordered that Keahey's IFP Application (ECF No. 1) is granted.

The Clerk of Court is directed to file the Complaint (ECF No. 1-1).

It is further ordered that this action is dismissed with prejudice for failing to state a claim upon which relief may be granted.

The Clerk of Court is directed to enter judgment accordingly and close this case.

DATED THIS 24th Day of January 2022.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE